869 F.2d 595
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Henry MILLER, Defendant-Appellant.
In re James Henry MILLER, Petitioner.
 Nos. 88-7248, 88-8024 and 88-8025.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Jan. 23, 1989.
Decided: Feb. 21, 1989.
 
 James Henry Miller, appellant pro se.
 Douglas Cannon (Office of the United States Attorney), for appellee.
 Before K.K. HALL and ERVIN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 James Henry Miller, a federal inmate, appeals the district court's denial of relief under 28 U.S.C. Sec. 2255. Miller has also filed two petitions for writs of mandamus in this Court which have been consolidated with his Sec. 2255 appeal.
 
 
 2
 Our review of the record and the district court's opinion accepting the recommendation of the magistrate discloses that Miller's appeal from the denial of Sec. 2255 relief is without merit. Accordingly, we affirm on the reasoning of the district court. United States v. Miller, CR-84-87-2-D, CA-88-334-C-D (M.D.N.C. Aug. 26, 1988).
 
 
 3
 On appeal, Miller has moved for clarification because of a discrepancy between the judgment order which dismissed the action with prejudice and the docket sheet which shows a dismissal without prejudice. The judgment order controls; the entry on the docket sheet is simply a clerical error subject to correction under Fed.R.Civ.P. 60(a). Miller's request for a certificate of probable cause to appeal is moot because none is needed. Fed.R.App.P. 22(b).
 
 
 4
 Although we grant leave to proceed in forma pauperis, we deny both mandamus petitions and dismiss the actions. "The party seeking mandamus relief carries the heavy burden of showing that he has 'no other adequate means to attain the relief he desires' and that his right to such relief is 'clear and indisputable.' " In re Beard, 811 F.2d 818, 826 (4th Cir.1987) (citations omitted). Under this standard, Miller is entitled to no relief in this Court.
 
 
 5
 In No. 88-8024, Miller asks that the district court's order of November 20, 1984, passing sentence on him, be declared a nullity. In view of the dismissal of his Sec. 2255 motion, there is no reason to disturb the sentence imposed on him.
 
 
 6
 In No. 88-8025, Miller asks that the district court be compelled to act on his motions to disqualify or recuse Judge Gordon and Magistrate Sharp. The district court acted on these motions in an order dated August 25, 1988, and this petition is, therefore, moot.
 
 
 7
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 8
 No. 88-7248 AFFIRMED.
 
 
 9
 No. 88-8024 DISMISSED.
 
 
 10
 No. 88-8025 DISMISSED.